Deborah YATES, Individually and on behalf of her minor son Danny Cannon; Ethyl Jackson, Individually and on behalf of her minor son Gregory Jackson; Ruth Pace, Individually and on behalf of her minor grandson Stephon Pace, and on behalf of all others similarly situated, Plaintiffs,

v.

Fred J. BUSCAGLIA, Individually and in his official capacity as Commissioner of the Erie County Department of Social Services, and Barbara Blum, Individually and in her official capacity as Commissioner of the New York State Department of Social Services, Defendants.

CIV–80–338.

United States District Court,
W. D. New York.

July 9, 1980.

Neighborhood Legal Services, Inc., for plaintiffs; Peter D. Braun, Buffalo, N. Y., of counsel.

Thaddeus J. Szymanski, Erie County Atty., Buffalo, N. Y., for defendant Fred J. Buscaglia; Howard B. Frank, Deputy County Atty., Buffalo N. Y., of counsel.

Robert Abrams, Atty. Gen. of the State of New York, Albany, N. Y., for defendant Barbara Blum; Patrick O. McCormack, Asst. Atty. Gen., Buffalo, N. Y., of counsel.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action, plaintiffs seek a declaratory judgment that certain "proration" policies are illegal, prospective and restorative injunctive relief against and compensatory damages due to defendants' use of prorating or prorationing in connection with defendants' administration of public assistance benefits under New York's Social Services Law § 131-a *et seq.* The scenario presented now by plaintiffs Pace and Yates and until February of this year by plaintiff Jackson, and which plaintiffs assert is common to the class they seek to represent,[1] is that of a three-generation family (grandparent, parent and child) residing in one home, of which persons only the child is, for reasons not here at issue, substantively eligible for public assistance via the state under the federal "Aid to Families with Dependent Children" ("AFDC")[2] program. It is alleged without serious controversion that defendants distribute AFDC benefits in this situation by considering the child and its parent (who is legally responsible for the child's support) as a two-person "household,"[3] and then paying only half of the amount of AFDC benefits normally payable to such a two-person household, by

---

1. Plaintiffs' motion for certification of this as a class action is scheduled to be argued before me July 28, 1980.

2. This program is known in New York's Social Services Law and accompanying regulations as Aid to Dependent Children. The Federal name and acronym will be employed herein.

3. A "household" as that term is used herein is the basic unit for receipt of AFDC benefits under both federal and New York law. It may be composed of one or more persons. The situation is precisely analogous where there are two or more children instead of the single child employed in my example for the sake of comprehensibility. In all cases' the parent is added to the "household" and the total grant is reduced by the ineligible parent's proportion.

reason of one member's (the parent's) substantive ineligibility for these benefits. Plaintiffs contend that defendants are required by law to consider the child *only* and as a one-person household and to award it the full grant to which a one-person household is normally entitled. The prorated benefits are always smaller than full benefits would be; in the case of plaintiff Yates, for example, such difference amounts to $19 monthly.

Now before me in this suit are three motions: Plaintiffs' motion for a preliminary injunction and provisional certification of this suit as a class action; defendants' motions for a protective order and stay of discovery pending resolution of their joint motion to dismiss (scheduled for argument July 28, 1980 at the same time as plaintiffs' motion for full [not provisional] class certification); and plaintiff's cross-motion to compel answers to interrogatories. I will discuss these motions in the above order.

Plaintiffs' motion for injunctive relief, although carefully labeled as one for a preliminary injunction, in reality seeks extremely broad prospective and retrospective relief, including (1) future discontinuation of the prorationing policy at issue herein with respect to all recipients of AFDC in Erie County, (2) future discontinuation of the prorationing of plaintiff Yates's AFDC grant, and (3) reimbursement of all amounts withheld from the AFDC grants of the adult plaintiffs from the dates of the initial eligibilities of their respective minors to the present, by reason of the prorating policy. This constitutes much of what plaintiffs are requesting as their final relief herein. For reasons to be explained herein, plaintiffs' request for injunctive relief must be denied except for relief item (2) above.

Plaintiffs' brief quotes accurately the current summarization of the requirements for preliminary injunctive relief in the Second Circuit. *See, e. g., Jackson Dairy, Inc. v. H. P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir. 1979): "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."

Plaintiffs have at least shown that there is a fair ground for litigation herein and there seems little doubt that the balance of hardships tips in the favor of plaintiffs, all of whom reside in marginal if not straitened economic circumstances and are, or recently were, receiving public assistance. However, except as to request (2), *supra*, plaintiffs have failed to persuade me that there is "irreparable harm" as that expression is generally used in the context of preliminary injunctive relief.

■ Plaintiff Yates swears in her affidavit that if the prorating is continued she will be unable to purchase sufficient food and medicine for her infant son. Such inability clearly raises a probability that irreparable harm flows directly from defendants' continuing refusal to pay to her the benefits to which she claims she is entitled and the allegation is made with sufficient particularity that, although the cited harm might be characterized as *de minimus*, it nonetheless appears that plaintiff Yates is entitled to preliminary relief ordering defendants to increase her son Danny's AFDC benefits from $75 to $94 for the months beginning with July 1980.

■ However, I decline to grant the rest of plaintiffs' requested injunctive relief. Plaintiffs do not seek any other increase in future benefits; instead they seek payment of benefits for months now ended. Pace and Jackson allege that if they do not receive such payment immediately they will suffer severe harm, particularly resulting from a threatened cut-off of utility service due to outstanding bills; Yates does not allege that any imminent harm is probable as a result of defendants' alleged past misconduct. The problem is that such harm (which I assume *arguendo* is itself irreparable) has at best only an attenuated connection with any action by defendants. The immediate cause of any such harm is plaintiffs' past failure to pay their utility bills. Plaintiffs do not allege that if defendants had made one-person household payments

in the past plaintiffs would have paid their utility bills on time, or would have been able to do so. Absent such a connection between the harm threatened and defendants' conduct, plaintiffs' present need for the money does not give them a right to demand the same from defendants. Several other factors, all elements of the traditional law relating to preliminary injunctions, of which the current test employed by the United States Court of Appeals for the Second Circuit is a summarization, also militate strongly against granting the requested relief, and would do so even if a connection between defendants' acts and the threatened harm were alleged or shown here. This relief is very similar to that requested by plaintiffs if they prevail on the merits; it is far more typical of final than of preliminary relief (*see, e. g., Foundry Services v. Beneflux Corporation*, 206 F.2d 214, 216 (2d Cir. 1953)); it does not simply preserve the status quo pending a determination on the merits; and, if it is ultimately determined that plaintiffs are not entitled to retroactive relief, it will as a practical matter be wholly impossible for defendants to recover the funds already paid out. If plaintiffs' case appeared overwhelming, it would be within my discretion to grant plaintiffs this relief; however, as a court of equity, it is my responsibility fully to balance the equities between the parties before giving any kind of injunctive relief, particularly before a decision on the merits has been made. While plaintiffs do appear to face an unfavorable balance of *hardships*, a balancing of the *equities* is substantially broader in its scope and such balancing does not favor granting relief of such an effectively permanent nature to plaintiffs herein on the strength of the present record.

■ Plaintiffs also seek prospective injunctive relief on behalf of the proposed class herein, which they further request that I provisionally certify. Plaintiffs have completely failed, and appear to make no serious effort, to show that members of the proposed class will as a group suffer irreparable harm if prospective preliminary relief is not granted. I granted Yates's motion because its supporting affidavits recite special circumstances, especially medical problems, in some detail; no attempt has been made to do this respecting the prospective class. Plaintiffs have also made no apparent effort to support their motion for provisional class certification and no reason appears why such relief should be granted at this time. Plaintiffs' motion for full class certification is scheduled for argument late this month.

This leaves for consideration only defendants' identical motions for a protective order and stay [4] and plaintiffs' closely-related cross-motion for answers to interrogatories. The fundamental grounds for defendants' motions are that defendants should not be put to the difficulty and expense of complying with plaintiffs' discovery demands until I have determined whether plaintiffs' suit may proceed. Plaintiffs argue in reply that the information they seek is essential to establishing grounds for certification of this suit as a class action. Neither party hereto has complied with rule 17 of the Local Rules of Practice for the Western District of New York. This rule requires:

" * * *, unless otherwise ordered, no motion for discovery and production of documents under rules 26 through 37 of the Federal Rules of Civil Procedure shall be heard unless moving counsel notifies the court by written affidavit that sincere attempts to resolve the discovery dispute have been made. This statement shall detail the time and place of the parties' meetings, correspondence or discussions concerning the discovery dispute, and the names of all parties participating therein."

■ Plaintiffs' cross-motion for answers to interrogatories falls squarely within both the letter and spirit of rule 17. Discovery is a matter far more expeditiously and effi-

---

4. These motions are denominated as for a "stay of all proceedings;" however, defendants describe the motions as being under the authority of rule 26, specifically do not object to my entertaining plaintiffs' motion for class certification and appear to object only to discovery. It will therefore be considered as a motion to stay discovery.

ciently resolved by negotiation and compromise of counsel than by the court. Rule 17 requires counsel to show that they have made a real attempt to resolve the discovery dispute with opposing counsel before involving the court. Plaintiffs have made no showing of such here and their cross-motion must be denied without prejudice.

Although defendants' motions for a protective order and stay do not fall within the literal terms of Local Rule 17 (not being a motion *for* but, rather, in opposition to, discovery) there is little practical difference between bringing a motion for a protective order and declining to comply with a request for discovery and forcing the opposing side to move for an order to compel. The reasons for requiring counsel to try to resolve the situation amicably before coming into court are identical. It is therefore my interpretation (admittedly as but one of the three district judges in the Western District of New York) that Local Rule 17 applies equally to defendants' motions for a protective order and stay. Defendants' motions must therefore also be denied without prejudice.

For the reasons above stated, it is hereby ORDERED (1) that defendants increase plaintiff Yates's AFDC payment on behalf of her son Danny Cannon from $75 to $94 per month effective July 1, 1980; (2) that plaintiffs' motion for a preliminary injunction and provisional certification of this action as a class action is in all respects denied except as above ordered; (3) that defendants' motions for a protective order and stay are denied without prejudice; and (4) that plaintiffs' motions to compel answers to interrogatories are denied without prejudice.